John Arthur Meynardie, Gaines H. Cleveland, Assistant U.S. Attorneys, Gulfport, MS, for Plaintiff–Appellee.

Helen Marie Batey, Tallahassee, FL, pro se.

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM: *

Helen Marie Batey, federal prisoner # 05451–043, appeals the district court's denial of her motion seeking a modification in her sentence by compelling the Government to file a motion under FED.R.CRIM.P. 35(b). The district court may modify the imposed term of imprisonment under limited circumstances. 18 U.S.C. § 3582(c). Because Batey's motion did not fall under any of the provisions of 18 U.S.C. § 3582(c), it was unauthorized and without jurisdictional basis. *United States v. Early*, 27 F.3d 140, 141–42 (5th Cir.1994). Ac-

cordingly, on that alternative basis, the district court's order is AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Luis Alberto GUEVARA, also known as Marco Antonio Buchid–Villanueva, Defendant–Appellant.**

No. 04–41603.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided April 11, 2006.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

458

James Lee Turner, John Richard Berry, Assistant U.S. Attorneys, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM: *

Luis Alberto Guevara appeals his guilty-plea conviction and sentence for being an alien found unlawfully present in the United States after deportation and following a conviction for an aggravated felony offense. He contends for the first time on appeal that his sentence violates *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because it was imposed pursuant to a mandatory guidelines scheme, and that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional.

The Government seeks to enforce the waiver-of-appeal provision in Guevara's plea agreement. Due to a difference between the written terms of the waiver-of-appeal provision and statements by the district court regarding the scope of this waiver, we decline to enforce it and proceed to the merits of Guevara's ·appeal.

Because Guevara did not preserve his claims before the district court, we review only for plain error. *See United States v. Mares,* 402 F.3d 511, 520 (5th Cir.), *cert. denied,* — U.S. ——, 126 S.Ct. 43, 163 L.Ed.2d 76 (2005). Guevara's *Booker* claim fails because he has not shown that any error affected his substantial rights. *See United States v. Pennell,* 409 F.3d 240, 245 (5th Cir.2005); *Mares,* 402 F.3d at 521. The fact that Guevara was sentenced at the lowest end of the guidelines range does not indicate that his sentence would likely have been different under advisory Guidelines. *See United States v. Bringier,* 405 F.3d 310, 317–18 & n. 4. (5th Cir.2005), *cert. denied,* — U.S. ——, 126 S.Ct. 264, 163 L.Ed.2d 238 (2005). Additionally, his contention that the district court's error is structural and that prejudice should be presumed is without merit. *See United States v. Malveaux,* 411 F.3d 558, 561 n. 9 (5th Cir.2005), *cert. denied,* — U.S. ——, 126 S.Ct. 194, 163 L.Ed.2d 209 (2005). Because he has not established plain error, Guevara's sentence is affirmed.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guevara's constitutional challenge to the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Guevara contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Guevara properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is AFFIRMED.